**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| ALEXANDER CARTER, | ) | |
| | ) | Case No. 1:20-cv-01402 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Hon. Robert W. Gettleman |
| | ) | |
| SALVADOR MARTINEZ, P.A., AND | ) | |
| CONCETTA MENNELLA, M.D., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT**

Plaintiff, Alexander Carter, by and through his attorney, complains of Defendants, Salvador Martinez, P.A., and Concetta Mennella, M.D., in their individual capacities and their official capacities as employees of Cook County, Illinois, and states as follows:

**INTRODUCTION**

1.      Plaintiff, previously a pre-trial detainee at the Cook County Jail, brings this action pursuant to 42 U.S.C. § 1983 to seek redress for denial of healthcare services by Defendants.

2.      Defendants, Martinez and Mennella, acting as agents of Cook County, acted objectively unreasonably and in violation of Plaintiff's rights under 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments of the United States Constitution when they showed deliberate indifference to Plaintiff's requests for treatment of pain and lumbar fracture.

3.      As a result of Defendants' failure to provide Plaintiff with access to medical treatment, as requested by Plaintiff, Plaintiff suffered and continues to suffer from chronic pain.

**JURISDICTION AND VENUE**

4.      This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon

1

28 U.S.C. §§ 1331 and 1343, and the aforementioned constitutional and statutory provisions.

5.      The United States District Court for the Northern District of Illinois, Eastern Division is the proper venue for this action, pursuant to 28 U.S.C. § 1391(b)(2), because all events or omissions giving rise to the claim occurred in this district.

## PARTIES

6.      Plaintiff is a citizen of the Unites States, who was a pre-trial detainee in the custody of Cook County Department of Corrections and housed at Cook County Jail at 801 S. Sacramento Avenue, Chicago, Illinois 60608. Plaintiff is currently incarcerated at the Pickneyville Correctional Center.

7.      Cook County, through Cermak Health Services of Cook County, runs the health service for detainees at Cook County Jail and has overall responsibility for the provision of health services at the Cook County Jail. Cook County is a duly incorporated governmental entity in Illinois and is liable for any judgments related to its agents and employees arising in the course of their employment pursuant to 745 ILCS 10/2-302.

8.      Defendant Salvador Martinez, P.A. is a Physician Assistant with the Department of Correctional Health at Cermak Health Services, who was working at the Cermak Health Services during relevant times. Martinez is an employee of Cook County. At all times relevant to the events at issue in this case, Defendant Martinez was acting under color of law and within the scope of employment with Cook County. Defendant Martinez is named in his individual and official capacities.

9.      Defendant Concetta Mennella, M.D. is the Chief Deputy with the Department of Correctional Health at Cermak Health Services, who was working at the Cermak Health Services during relevant times. Mennella is an employee of Cook County. At all times relevant to the events

at issue in this case, Defendant Mennella was acting under color of law and within the scope of Mennella's employment. Defendant Mennella is named in Mennella's individual and official capacities.

10.     At all times relevant hereto, the individual and official defendants were acting under the color of the statutes, ordinances, regulations, customs, and usages of the Cook County, and within the scope of their employment.

## FACTS

11.     Plaintiff was a pre-trial detainee at Cook County Jail from 2017 until approximately April 2021.

12.     On or about September 7, 2018, Plaintiff underwent an open right inguinal hernia repair with mesh for his core lipoma at John H. Stroger, Jr. Hospital of Cook County Health. Plaintiff was discharged from the facility the same day.

13.     After the hernia surgery, Plaintiff suffered a fall, injuring his back and reinjuring his repaired hernia.

14.     After the fall, Plaintiff began to experience and complain of sharp pain in his back and pain in areas associated with the re-injured hernia repair. He began frequently and repeatedly requesting medical attention on numerous occasions thereafter.

15.     On December 6, 2018, X-rays were ordered by Defendant Martinez following Plaintiff's complaints of back pain. X-rays found an abnormal appearing right transverse process of L3 vertebra, which the radiology report stated was likely sequela of prior trauma. It noted to "[c]orrelate with point tenderness." On December 11, 2018, a CT of lumbar spine without contrast was taken. To Plaintiff's knowledge, he never suffered any back fracture in his life prior to the 2018 fall. However, the report for the lumbar CT taken after the fall purports to identify an "old"

transverse process fracture.

16.     Thereafter, Defendants Martinez and Mennella failed to adequately address Plaintiff's lumbar fracture and his associated chronic pain, refused to refer Plaintiff to a specialist as he requested, and failed to adequately treat Plaintiff's ongoing back pain and pain associated with the hernia, despite Plaintiff's repeated requests.

17.     Defendants had knowledge of Plaintiff's ongoing pain and irregular radiological findings regarding Plaintiff's spine, and Plaintiff requested from each defendant that he be referred to a specialist so that his injury and pain could be properly addressed.

18.     Defendants unreasonably refused Plaintiff's requests to see a specialist and failed to adequately address his injuries and pain with deliberate indifference.

19.     On information and belief, Plaintiff submitted numerous complaints to Cook County Department of Corrections due to the ongoing failure to treat his back injury and chronic pain. Cook County refused plaintiff additional treatment of his chronic pain, and Carter timely filed appeals, which were denied.

20.     Plaintiff was not referred to a specialist or provided other sufficient treatment for his ongoing pain and spinal fracture while he was detained at the Cook County Jail.

## COUNT I
## 42 U.S.C. § 1983 – Denial of Health Care

21.     Plaintiff restates and re-alleges paragraphs 1 through 20 as though fully restated here.

22.     As described more fully above, Plaintiff suffered an injury to his spine and suffered re-injury to the affected area from his hernia surgery, causing him to suffer from chronic pain.

23.     Plaintiff's back injury and chronic pain was a serious medical need, which required evaluation by a specialist.

24.     Plaintiff asked for pain treatment and treatment for his back, including but not limited to an evaluation by a spine specialist, or an evaluation at a hospital, and Defendants ignored or refused Plaintiff's treatment requests and needs with deliberate indifference.

25.     Defendants were aware of Plaintiff's suffering, but deliberately, willfully, and wantonly ignored the obvious serious medical needs of Plaintiff and the substantial risk of serious permanent injury and death, and failed to take appropriate steps to protect him, constituted deliberate indifference to Plaintiff's serious medical needs, thus violating the Fourteenth and Eighth Amendments to the United States Constitution.

26.     Defendants' refusal to treat Plaintiff's serious medical need was continuous.

27.     As a direct and proximate result of Defendants' Constitutional violations, Plaintiff was caused to suffer great pain and mental anguish, and continues to suffer from such pain and anguish.

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment in his favor and against Defendants, award compensatory damages against Defendants in an amount to be determined at trial, award Plaintiff his reasonable costs and attorneys' fees, and for any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a jury trial on all issues triable to a jury.


Dated: June 18, 2021                                              Respectfully submitted,


                                                                 By: /s/ Scott Stirling

5

Scott Stirling
Walker Wilcox Matousek LLP
One North Franklin Street, Suite 3200
Chicago, IL 60606
(312) 244-6754
sstirling@walkerwilcox.com
Attorney for Plaintiff